IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NELSON JENKINS,

    Plaintiff,

v.                                                                                No. 13-2054

HARDEMAN COUNTY, TENNESSEE,
*et al.*,

    Defendants.
_____

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS, AND DENYING MOTION FOR A MORE
DEFINITE STATEMENT
_____

*INTRODUCTION*

On January 29, 2013, the Plaintiff, Nelson Jenkins, brought this action against the Defendants, Hardeman County, Tennessee (the "County"); the Hardeman County Sheriff's Department; Sheriff John Doolen, in his individual and official capacities; Captain Leonard Brown, in his individual and official capacities; Lieutenant Chris McKinney, in his individual and official capacities; and John Does One through Five, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, violation of the Tennessee Constitution, and negligence and negligent supervision and training under Tennessee state law. Before the Court is the motion of the named Defendants to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

*STANDARD OF REVIEW*

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  It must "provide fair notice to the defendant of what the claim is and the grounds upon which it rests."  Sykes v. United States, 507 F. App'x 455, 457 (6th Cir. 2012).  To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain sufficient facts to state a claim to relief that is plausible on its face."  Morris Aviation, LLC v. Diamond Aircraft Indus., Inc., ___ F. App'x ___, 2013 WL 4564740, at *3 (6th Cir. Aug. 29, 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotation marks omitted).  "[T]he district court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true."  Paige v. Coyner, 614 F.3d 273, 277 (6th Cir. 2010) (citing Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008)).  The complaint need not have detailed factual allegations, but must "contain more than conclusions and an unsubstantiated recitation of the necessary elements of a claim."  McCormick v. Miami Univ., 693 F.3d 654, 658 (6th Cir. 2012), *reh'g & reh'g en banc denied* (Oct. 18, 2012).

*FACTS ALLEGED*

Jenkins claims that, on or about May 15, 2011, he began serving a sentence at the Hardeman County jail for a probation violation and remained there until his release in February 2013. (D.E. 1 ¶¶ 3, 10.)  Prior to his incarceration, he had been diagnosed with pancreatitis and was receiving regular medical treatment that properly controlled his condition.  (Id. ¶ 11.)  After he arrived at the jail, he completed a medical history form and advised jail officials of his ailment.  (Id. ¶ 12.)  While in the Defendants' custody, he repeatedly complained of bodily pain and of his need to be seen by a physician for his pancreatitis.  (Id. ¶ 13.)  His requests were ignored or refused and, on one

occasion, Jenkins was told by a jail official that "we can't take you to the doctor." (Id. ¶ 14.) Plaintiff continued to be severely ill for several weeks. (Id. ¶ 15.) At some point he was taken to the jail nurse, who provided him with over-the-counter pain medication. (Id. ¶¶ 15-16.) His condition continued to deteriorate, resulting in an inability to eat and his feet turning black. (Id. ¶ 17.) At some point thereafter, Jenkins lost consciousness and woke up in a Jackson, Tennessee hospital. (Id. ¶ 18.)

ARGUMENTS OF THE PARTIES AND ANALYSIS

Federal Claims.

*Official Capacity.*

The movants seek dismissal of the official capacity claims against Defendants Doolen, Brown and McKinney. "In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, a damages suit against Doolen, Brown and McKinney in their official capacities is a suit against Hardeman County. The official capacity claims for damages against these Defendants are therefore DISMISSED. *See* Cox v. Reagan, No. 3:06-CV-250, 2009 WL 2579655, at *4 (E.D. Tenn. Aug. 17, 2009) (as official capacity suit against officer was essentially a suit against the municipality, which was a named defendant, there was no need to maintain official capacity suit and dismissal was appropriate).

*Sheriff's Department as Suable Entity.*

The Defendants also request relief under Rule 12(b)(6) from Plaintiff's claims against the Hardeman County Sheriff's Department on the grounds that it is not a suable entity. As their

position is supported by the caselaw, the claims are DISMISSED. *See* Matthews, 35 F.3d at 1049 (because police department was not an entity which could be sued, the county was the proper party to address allegations of plaintiff's § 1983 complaint); Johnson v. Wichita Cnty., Tex. Sheriff's Office, No. 1:12-CV-394, 2013 WL 3833667, at *10 (E.D. Tenn. July 23, 2013) (noting that district courts in Tennessee "hold law enforcement agencies are inappropriate defendants; plaintiffs must sue the municipalities the agencies represent").

*Merits of § 1983 Claim.*

§ 1983 Generally

Section 1983 provides that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983. In order to prevail on such a claim, a plaintiff "must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." Chigano v. City of Knoxville, ___ F. App'x ___, 2013 WL 3466427, at *3 (6th Cir. July 10, 2013) (internal quotation marks omitted). In the instant motion, the Defendants contend that no deprivation of a constitutional right has been properly alleged.

Constitutional Violations

*Eighth Amendment*

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 568 (6th Cir. 2013) (quoting Barker v. Goodrich, 649 F.3d 428, 434 (6th Cir. 2011)). "A

prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." Runkle v. Kemen, ___ F. App'x ___, 2013 WL 2249462, at *3 (6th Cir. May 23, 2013) (quoting Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)) (alterations omitted). "An Eighth Amendment claim has an objective and subjective component." Id. "To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious." Id. (internal quotation marks omitted). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. (alteration omitted). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." Id. (alteration omitted). "Deliberate indifference is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error." Reilly v. Vadlamudi, 680 F.3d 617, 624 (6th Cir. 2012). "To state a cognizable claim, [a plaintiff] must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs -- indifference that offends the evolving standards of decency under the Eighth Amendment." Id. (internal quotation marks omitted). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal footnote omitted), *reh'g denied* (Jan. 17, 1977); *see also* Quigley v. Tuong Vinh Thai, 707 F.3d 675, 684 (6th Cir. 2013).

The Defendants submit that Jenkins' Eighth Amendment claims should be dismissed because his complaint alleges nothing more than that the care provided by the Hardeman County Jail was inadequate. Courts in this Circuit have distinguished "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "[A] prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Id. at 860. While "federal courts are generally reluctant to second guess medical judgments," "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." Id. at 860 n.5. Taking the allegations in the light most favorable to Jenkins, the Court finds that, at the pleading stage, it cannot say Plaintiff has failed to properly allege that the Defendants were deliberately indifferent to his serious medical needs and, specifically, that the care he received amounted to no treatment at all. Accordingly, the motion to dismiss based on Jenkins' failure to allege an Eighth Amendment claim is DENIED.

*Fourteenth Amendment Substantive Due Process Clause*

The Plaintiff has averred violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Prater v. City of Burnside, Ky., 289 F.3d 417, 431 (6th Cir.) (internal alterations & quotation marks omitted), *cert. denied*, 537 U.S. 1018, 123 S. Ct. 550, 154 L. Ed. 2d 425 (2002).

"Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs., 640 F.3d 716, 728 (6th Cir. 2011) (quoting Howard v. Grinage, 82 F.3d 1343, 1349 (6th Cir. 1996)) (internal alterations omitted).

"[C]ourts [are] to carefully scrutinize so-called substantive due process claims brought under § 1983 because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Upsher v. Grosse Pointe Pub. Sch. Sys., 285 F.3d 448, 452 (6th Cir.) (internal quotation marks omitted), *cert. denied*, 537 U.S. 880, 123 S. Ct. 88, 154 L. Ed. 2d 135 (2002). "Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." Albright v. Oliver, 510 U.S. 266, 266, 114 S. Ct. 807, 809, 127 L. Ed. 2d 114 (1994) (some internal quotation marks omitted), *reh'g denied* (Mar. 21, 1994). If such an amendment exists, the substantive due process claim is properly dismissed. Heike v. Guevara, 519 F. App'x 911, 923 (6th Cir. 2013), *cert. denied* 2013 WL 4402249, 82 U.S.L.W. 3095 (Oct. 7, 2013). Because the Eighth Amendment provides an explicit source of constitutional protection to Jenkins here, the Fourteenth Amendment claim is DISMISSED. *See* Stevens v. Grafos, No. 1:12-cv-90, 2013 WL 5332602, at *4 (W.D. Mich. Sept. 23, 2013) (where plaintiff's Fourteenth Amendment substantive due process claim was premised on his allegation that his constitutional right to adequate medical treatment was violated, because his right to adequate medical care was sufficiently protected by the Eighth Amendment, due process claim was dismissed).

Municipal Liability

7

"A municipality can be liable under [§ 1983] only if the plaintiff can demonstrate that his civil rights have been violated as a direct result of that municipality's policy or custom or if a failure to train amounts to deliberate indifference to such rights." Burley v. Gagacki, ___ F.3d ___, 2013 WL 4767178, at *6 (6th Cir. Sept. 6, 2013) (quoting Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 900 (6th Cir. 2004)) (internal quotation marks omitted). "A single decision can constitute a policy, if that decision is made by an official who possesses final authority to establish municipal policy with respect to the action ordered, which means that his decisions are final and unreviewable and are not constrained by the official policies of superior officials." Flagg v. City of Detroit, 715 F.3d 165, 174-75 (6th Cir. 2013) (internal citations & quotation marks omitted), *reh'g & reh'g en banc denied* (June 18, 2013). There is no *respondeat superior* liability under § 1983. Id. at 174.

The Plaintiff has alleged that the County is responsible for the "policies, practices, and customs" of its sheriff's department, correctional facility and/or jail; that "[t]he conduct, practices, policies and/or procedures of all of the Defendants as applied to Mr. Jenkins amount to deliberate indifference to a serious medical need and caused Mr. Jenkins to suffer severe permanent injuries . . ." and that the "actions and/or omissions [of the Defendants], in either or both their individual and/or official capacities and as policy makers for [the County]," violated his constitutional rights. (D.E. 1 ¶¶ 19, 26, 29, 30, 31.) Jenkins has also averred that Defendants Doolen, Brown and McKinney are policymakers for the County. (Id. ¶¶ 4, 6-8.)

In Maxwell v. Correctional Medical Services, ___ F. App'x ___, 2013 WL 5272920 (6th Cir. Sept. 19, 2013), the Sixth Circuit reviewed the efficacy of a similar allegation, and found it wanting. Therein, the plaintiff's allegation of municipal liability consisted of the following statement: the defendants' "policies, practices, and customs resulted in [p]laintiff suffering almost constant pain

8

for the entire time of the most recent incarceration." Maxwell, 2013 WL 5272920, at *9. The Court, noting that "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice," found that Maxwell's averment did not satisfy the requirement that a complaint "state a claim to relief that is plausible on its face." Id. If the allegation in support of § 1983 municipal liability in Maxwell was insufficient under Rule 12(b)(6), then so are those offered to impose liability on the County in this case. The motion to dismiss the § 1983 claims against the County is GRANTED.

### Individual Liability

The movants seek dismissal of the Eighth Amendment claims against the individual Defendants on the grounds that Jenkins failed to specify the date of his alleged injury and the acts and/or omissions of each Defendant. In support of their assertions, the Defendants cite to Patterson v. Novartis Pharmaceuticals Corp., 451 F. App'x 495 (6th Cir. 2011). In Patterson, the court articulated as follows:

> The district court properly granted Novartis's motion to dismiss because Patterson's complaint does not sufficiently allege that she received infusions of Aredia manufactured by Novartis. Massachusetts law requires that a plaintiff suing a manufacturer in a product-liability action to be able to prove that his or her injury can be traced to that specific manufacturer. Here, the complaint alleges only a possibility that the infusions Patterson received were of Aredia manufactured by Novartis. The complaint does not allege when Patterson received these infusions, how many infusions she received, or any other facts specific to her treatment.
>
> The plausibility pleading standard set forth in Twombly and Iqbal requires that Patterson have pled enough facts to state a claim for relief that is plausible on its face. A complaint that allows the court to infer only a mere possibility of misconduct[] is insufficient to show that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8. The assertion that Patterson received "Aredia and/or generic Aredia (pamidronate)" means that Patterson could have received only Aredia manufactured by Novartis. Or, she could have received both Aredia and generic Aredia, which would be sufficient to state a claim against Novartis. However, as pled, it is also entirely plausible that Patterson received

> infusions of only generic Aredia that Novartis did not manufacture: it is this possibility that is fatal to her complaint. Because the complaint only permits us to infer the possibility that Patterson received infusions of Aredia manufactured by Novartis, it fails to satisfy the pleading standards set forth in Twombly and Iqbal. Therefore, the district court properly granted judgment on the pleadings in favor of Novartis.
>
> In reaching this conclusion we stress that "plausibility," however, is not akin to a probability requirement. To proceed past the pleading stage a plaintiff need not establish that the alleged acts actually occurred or likely occurred with a sufficiently high probability. While Patterson's complaint strongly suggests that she received Aredia manufactured by Novartis, she pled herself out of relief by specifically asserting that she may have received infusions of only generic Aredia. In this case, it is the "/or" that prevents Patterson's claim from proceeding. Although the Supreme Court has continued to stress that Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, we have, to some extent, crept back towards those earlier standards. However, construing this complaint in a light most favorable to Patterson, it fails to allege anything more than a possibility that she received Aredia infusions and, therefore, does not meet the requirements of Twombly and Iqbal.

Patterson, 451 F. App'x at 497-98 (internal citations & some quotation marks omitted). The Defendants argue that, because Patterson's failure to assert when her drug infusions occurred is similar to Jenkins' failure to allege when he suffered the alleged unconstitutional acts, Patterson militates in favor of dismissal here. According to the Court's reading of the opinion, however, dismissal was based on the plaintiff's uncertainty as to whether she was harmed by the defendant at all. Such a scenario has not presented itself in this case.

Indeed, courts in this Circuit have concluded that dates need not be precisely alleged under the new pleading regime articulated in Iqbal and Twombly. *See* Peppers v. LTF Greenhouses, LLC, Civ. Action No. 3:11CV-547-S, 2012 WL 1808844, at *2 (W.D. Ky. May 17, 2012); Polinsky v. Cmty. Health Partners Reg'l Health Sys., 858 F. Supp. 2d 891, 902 (N.D. Ohio 2012). While a plaintiff must identify each defendant against whom relief is sought and provide each with notice of the claims against him, Nelson v. Putnam Cnty. Justice Ctr., No. 2:13-cv-00029, 2013 WL

10

1623686, at *4 (M.D. Tenn. Apr. 15, 2013), where the complaint names multiple defendants and alleges multiple incidents but does not indicate how the individuals should be held legally responsible for all or some of the alleged misdeeds, the court may grant a motion for a more definite statement under Fed. R. Civ. P. 12(e). *See* Joslin v. Metro Nashville/Davidson Cnty., No. 3:12-cv-1284, 2013 WL 2250712, at *6 (M.D. Tenn. May 21, 2013). The movants have requested, in the event dismissal was not granted, an order for a more definite statement seeking, in addition to the facts relating to each Defendant, (1) the dates Jenkins asked for medical attention, (2) the dates he was examined by the jail nurse, (3) the date(s) on which his feet turned black, (4) the dates of his hospitalization, and (5) the date he was told he could not be taken to a physician.

Rule 12(e) permits a more definite statement where a "pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for relief under the Rule are "designed to strike at unintelligibility rather than simple want of detail." Streets v. Putnam, Inc., Civ. Action No. 2:13-cv-0803, 2013 WL 5373321, at *1 (S.D. Ohio Sept. 24, 2013); Crowe v. Trustgard Ins. Co., Civ. Action No. 5:12-240-KKC, 2013 WL 2243965, at *3 (E.D. Ky. May 21, 2013). They are generally disfavored in the federal courts due to the opportunity for pretrial discovery. E.E.O.C. v. FPM Group, Ltd., 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009). "A motion under Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Id. (internal quotation marks omitted). If the complaint meets the notice pleading requirements of Fed. R. Civ. P. 8(a)(2) the motion should be denied. Id.

11

It is true Jenkins' complaint falls far short of being a model of clarity. That said, it is neither unintelligible nor seriously prejudicial to the Defendants. The information sought may be obtained through discovery. The Rule 12(e) motion is DENIED.

John Doe Defendants

The Defendants further pursue dismissal of Plaintiff's claims against the five John Does. "Plaintiffs are permitted to bring suit against unnamed 'John Doe' defendants until discovery or other information reveals the identity of the party." Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 572 (6th Cir. 2010). Until a plaintiff amends his complaint to identify and add a John Doe defendant by his true name, however, John Doe allegations contained in the original complaint are mere surplusage. Thomas v. Bivens, No. 3:09-CV-62, 2011 WL 32207, at *8 (E.D. Tenn. Jan. 5, 2011). "Replacing a 'John Doe' defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of [Fed. R. Civ. P.] 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations." Brown v. Cuyahoga Cnty., Ohio, 517 F. App'x 431, 433 (6th Cir. 2013). The applicable statute of limitations for § 1983 actions brought in Tennessee is one year. Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). Rule 15 allows an amendment to change a party to relate back to the filing date of the original complaint if the newly named defendant "received such notice of the action that [he] will not be prejudiced in defending on the merits; and . . . knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Lack of knowledge as to the identity of jail employees involved in an alleged unconstitutional act is not a "mistake" for Rule 15 purposes. Brown, 517 F. App'x at 433-34. A mistake under such circumstances has been defined by the United States

Supreme Court as "an error, misconception, or misunderstanding; an erroneous belief." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, ___, 130 S. Ct. 2485, 2494, 177 L. Ed. 2d 48 (2010).  Thus, Jenkins' lack of knowledge is not a mistake which would permit any amendment to his complaint for the purpose of naming the John Doe Defendants to relate back to the date of the original complaint.  Any claims asserted against the John Does in an amended pleading would therefore be time-barred.

"Litigants may avoid a strict time bar by seeking equitable tolling of the statute of limitations." Brown, 517 F. App'x at 434.  Courts are to look to state law in order to determine whether a statutory period should be tolled and "must enforce that law unless it is inconsistent with federal law." Pike v. United States, 868 F. Supp. 2d 667, 681 (M.D. Tenn. 2012) (citing Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483-84, 100 S. Ct. 1790, 64 L. Ed. 2d 440 (1980)) (internal quotation marks omitted); *see also* Guy v. Lexington-Fayette Urban Cnty. Gov't, 488 F. App'x 9, 18 (6th Cir.), *cert. denied*, ___ U.S. ___, 133 S. Ct. 547, 184 L. Ed. 2d 343 (2012).  "[U]nlike other state courts and the federal courts, [Tennessee courts] have declined to recognize the doctrine of equitable tolling in civil cases." Redwing v. Catholic Bishop for Diocese of Memphis, 363 S.W.3d 436, 460 (Tenn. 2012).  Instead, courts in this state recognize two tolling doctrines in civil proceedings:  equitable estoppel and fraudulent concealment.  Id.

The doctrine of equitable estoppel tolls the running of the statute of limitations where the defendant "has misled the plaintiff into failing to file suit within the statutory period." Id.  When it is found applicable, the doctrine prevents a defendant from asserting an otherwise valid statute of limitations defense.  Id.  When the statute of limitations defense has been presented, the plaintiff bears the burden of establishing that "the defendant induced him or her to put off filing suit by

13

identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit." Id. The plaintiff must also show "that his or her delay in filing suit was not attributable to his or her own lack of diligence." Id. (internal alterations omitted).

"Under the fraudulent concealment doctrine, the statute of limitations is tolled when the defendant has taken steps to prevent the plaintiff from discovering he . . . was injured." Id. at 462 (internal quotation marks omitted). The doctrine also applies "to circumstances in which the defendant engages in conduct intended to conceal the identity of the person or persons who caused the plaintiff's injury from the plaintiff." Id. In order to toll the running of the statute of limitations based on fraudulent concealment, the plaintiff must establish:

> (1) that the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so; (2) that the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence; (3) that the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and (4) that the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

Id. at 462-63 (internal footnotes & quotation marks omitted). The plaintiff must show that he exercised "reasonable care and diligence in pursuing [his] claim." Id. at 463.

Jenkins has put forth no argument whatever to support a finding that the statute of limitations should be tolled in accordance with either doctrine. The motion to dismiss the John Doe Defendants is GRANTED.

State Law Claims.

*Tennessee Constitutional Claims.*

14

The Defendants assert that the Tennessee Constitution does not give rise to a private right of action. They are correct. *See* Crowe v. Bradley Equip. Rentals & Sales, Inc., No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *8 (Tenn. Ct. App. Mar. 31, 2010) ("we know of no authority that recognizes a private cause of action for" violations of the Tennessee Constitution). Plaintiff's claims under the Tennessee Constitution are DISMISSED.

*The Tennessee Governmental Tort Liability Act.*

The Defendants also argue that the Court should decline to exercise jurisdiction over the Plaintiff's state law negligence claims. The Tennessee Governmental Tort Liability Act ("GTLA") governs state law claims against governmental entities and their employees. *See* Tenn. Code Ann. § 29-20-101, *et seq.* GTLA claims would ordinarily confer supplemental jurisdiction in this Court because they arise out of the same facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). However, these allegations must be brought in "strict compliance" with the terms of the state statute. *See* Tenn. Code Ann. § 29-20-201(c). The GTLA expressly states that Tennessee "circuit courts shall have exclusive original jurisdiction" over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307.

A district court may, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The Sixth Circuit has held that "the Tennessee legislature expressed a clear preference that [GTLA] claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)(4)] for declining

jurisdiction." Gregory v. Shelby Cnty., Tenn., 220 F.3d 433, 446 (6th Cir. 2000). Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's GTLA claims. *See* Ables v. Shelby Cnty., Tenn., No. 2:10-CV-02169-JPM-dkv, 2010 WL 3024959, at *5 (W.D. Tenn. July 29, 2010) (state law claims dismissed in light of Sixth Circuit's finding that Tennessee legislature's preference that GTLA claims be addressed in state courts was an exceptional circumstance under § 1327(c)(4) supporting order declining jurisdiction). The Plaintiff's GTLA claims are DISMISSED without prejudice.

## *CONCLUSION*

For the reasons articulated herein, the motion to dismiss is GRANTED as to Plaintiff's claims against Hardeman County, the Hardeman County Sheriff's Department and the John Doe Defendants; his federal claims against the individual Defendants in their official capacities; and his claims under the Fourteenth Amendment and state law. The motion to dismiss the Eighth Amendment claims is DENIED, as is the motion for a more definite statement.

IT IS SO ORDERED this 10th day of October 2013.

s/ J. DANIEL BREEN<br>
CHIEF UNITED STATES DISTRICT JUDGE