IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NELSON JENKINS,

    Plaintiff,

v.                                                                 No. 13-2054

HARDEMAN COUNTY, TENNESSEE,
*et al.*,

    Defendants.
_____

ORDER DENYING MOTION FOR CERTIFICATION AND TO STAY PROCEEDINGS
_____

On January 29, 2013, the Plaintiff, Nelson Jenkins, brought this action against the Defendants, Hardeman County, Tennessee (the "County"); the Hardeman County Sheriff's Department; Sheriff John Doolen, in his individual and official capacities; Captain Leonard Brown, in his individual and official capacities; Lieutenant Chris McKinney, in his individual and official capacities; and John Does One through Five, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, violation of the Tennessee Constitution, and negligence and negligent supervision and training under Tennessee state law. In an order entered October 10, 2013, this Court dismissed Plaintiff's claims against Hardeman County, the Hardeman County Sheriff's Department and the John Doe Defendants; his federal claims against the individual Defendants in their official capacities; and his claims under the Fourteenth Amendment and state law. The Court denied the Defendants' motion to dismiss Plaintiff's claims under the Eighth Amendment and for a more definite statement. The Sixth Circuit dismissed Plaintiff's appeal on December 27, 2013 on grounds that the Court's October 10, 2013 ruling was not a final appealable order. Before the Court is the Plaintiff's motion for certification

of the Court's October 10, 2013 order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and to stay these proceedings pending resolution by the Sixth Circuit Court of Appeals.

Generally, "when a district court grants summary judgment on some but not all claims, the decision is not a final order for appellate purposes." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012), *reh'g & reh'g en banc denied* (Nov. 30, 2012). Rule 54(b) allows the trial court to certify a partial judgment for immediate appeal by "direct[ing] entry of a final judgment as to one or more, but fewer than all, claims or parties[.]" Fed. R. Civ. P. 54(b). The Rule "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of parties." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 430 (6th Cir. 2008) (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)). A determination on a Rule 54(b) motion for certification lies within the sound discretion of the district court. *Durand v. Hanover Ins. Group, Inc.*, Civ. Action No. 3:07-CV-130-JDM, 2013 WL 6633961, at *2 (W.D. Ky. Dec. 17, 2013).

Certification under Rule 54(b) is a two-step process: "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *DeWine*, 696 F.3d at 500 (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)) (internal quotation marks omitted).

Although the parties in their briefs have focused on the second stage of the process, the Court finds that the certification sought fails at the first. While there is no "generally accepted test" for determining what constitutes a "separate claim" for purposes of Rule 54(b), the Sixth Circuit has traditionally applied the "operative facts" test, which "defines a claim under Rule 54(b) as the

aggregate of operative facts which give rise to a right enforceable in the courts even if the party has raised different theories of relief." *Id.* (internal quotation marks omitted). Adjudicated claims are not necessarily distinct from remaining claims "simply because they were separated pleaded." *EJS Props, LLC v. City of Toledo*, 689 F.3d 535, 538 (6th Cir. 2012), *app. reinstated* (Aug. 29, 2012).

In *Lowery v. Federal Express Corp.*, 426 F.3d 817 (6th Cir. 2005), the plaintiff applied but was not selected for a promotion, after which he filed an internal grievance, complaining the decision was racially discriminatory. *Lowery*, 426 F.3d at 819-20. The dispute was settled with Lowery releasing his claims relative to the promotion in exchange for a pay raise and a promise he would not be retaliated against for filing the grievance. *Id.* at 820. After a subsequent corporate reorganization, Lowery was denied a pay raise given to others in similar positions and lost opportunities for future advancement. *Id.*

The plaintiff sued his employer for race discrimination and retaliation under Title VII and for breach of contract under state law. *Id.* The court granted the defendant's motion for summary judgment on the Title VII claims and denied the dispositive motion as to the breach of contract claim, which arose from the employer's promise not to retaliate against Lowery. *Id.*

The court found as follows:

> Conceptually, it is not difficult to imagine that a cause of action for breach of contract could involve a distinct legal right from statutory claims under Title VII; but, here, the contractual promise was that plaintiff would not be retaliated against for filing the grievance. That is, the alleged breach *was* the retaliation. Even assuming, as the district court concluded, that the breach of contract claim did not require proof of an adverse employment action . . ., both causes of action arose out of the same aggregate of operative facts and seek to recover for the same underlying injury.

*Id.* at 821.

In its 1994 decision in *GenCorp*, the Sixth Circuit came to a similar conclusion, articulating

3

that

> Rule 54(b) certification was improper in this case because all of GenCorp's allegations concern a single "aggregate of operative facts," and therefore constitute a single claim for purposes of appellate jurisdiction. GenCorp accuses Shearson of a single wrong -- prompting General Acquisition to target GenCorp, and all of GenCorp's rights against Shearson arise from the series of events preceding the attempted hostile takeover. The fact that GenCorp seeks to recover two types of damages -- compensation and disgorgement -- does not convert a single claim into multiple claims. When a plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and Rule 54(b) does not apply. A district court's rejection of one of several requests for relief arising from a single wrong does not establish appellate jurisdiction under Rule 54(b).

*GenCorp*, 23 F.3d at 1028 (internal citations & quotation marks omitted).

It is the opinion of this Court that, as was the case in the decisions cited, this matter involves only a single claim because all of Jenkins' causes of action arise from a single aggregate of operative facts -- the Defendant's failure to provide medical care.

Assuming *arguendo* that the question before the Court does satisfy the multiple claims prerequisite, the second step of the process has likewise not been shown. The second step requires the Court to make an express finding that there is no just reason for delay. *EJS Props, LLC*, 689 F.3d at 537. In considering whether there is no just reason to delay appellate review, courts are to weigh a non-exhaustive list of factors, including

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*DeWine*, 696 F.3d at 503 (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)). Rule 54(b) is not to be used "routinely, or as a courtesy or accommodation

4

to counsel." *Lowry v. Nationwide Mut. Fire Ins. Co.*, No. 2:13-CV-159, 2013 WL 4647143, at *4 (E.D. Tenn. Aug. 29, 2013) (citing *Corrosioneering*, 807 F.2d at 1282). Rather, "only an infrequent harsh case . . . merits Rule 54(b) certification." *Anderson v. Hamblen Cnty., Tenn.*, No. 2:05-CV-213, 2008 WL 2782671, at *2 (E.D. Tenn. July 8, 2008) (citing *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983)) (internal quotation marks omitted). Jenkins bears the burden of justifying certification. *See LeFever v. Ferguson*, ___ F. App'x ___, 2014 WL 2566097, at *6 (6th Cir. June 6, 2014).

With respect to the first and second factors, the Plaintiff asserts that the remaining Eighth Amendment claim against the individual Defendants will require a distinctly different legal analysis and factual determination from the dismissed claims and that there is no possibility that future developments in this matter would moot the need for review. However, as the Defendants maintain, an issue is unsuitable for certification if a related issue, upon which that considered for Rule 54(b) certification depends, has yet to be resolved by the district court. *Corrosioneering*, 807 F.2d at 1283. Here, the Eighth Amendment claim remains in this Court. Plaintiff's official capacity claims, John Doe claims and municipal liability claims have been brought under § 1983, which requires proof of a constitutional violation, *see Chigano v. City of Knoxville*, 529 F. App'x 753, 756 (6th Cir. 2013), -- that is, in this case, proof of a violation of the Eighth Amendment. The Fourteenth Amendment claims are based on the same factual allegations. The claims are clearly related and intertwined. Further, a finding by this Court that there was no failure to provide adequate medical care would moot at least some of the claims for which Plaintiff seeks certification. Thus, it does not appear to the Court that the first and second factors favor the Plaintiff. *See Corrosioneering*, 807 F.2d at 1283 (issue of contribution or indemnification unsuitable for certification where related issue of liability

remained in district court and where a finding on the remaining liability issue by the district court could moot the need to review the question of contribution or indemnification); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 4009023, at *5 (E.D. Mich. Aug. 5, 2013) (court found factors weighed against granting Rule 54(b) relief "where the adjudicated and pending claims are closely related and stem from the same factual allegations"), *app. dismissed* 731 F.3d 586 (6th Cir. 2013).

As for the third factor, the Plaintiff argues that there is no possibility the Sixth Circuit would have to consider the same issue a second time. The Court disagrees. If this Court's ultimate ruling on the remaining Eighth Amendment claim is appealed, the appellate court would indeed be faced with the same facts, the same parties and nearly identical arguments a second time.

The Defendant does not address the fourth factor and, thus, appears to concede that it weighs in favor of certification. As there are no set-offs or counterclaims in this matter, the Court finds that this factor favors the Plaintiff. *See GATX Corp. v. Addington*, 879 F. Supp. 2d 633, 661 (E.D. Ky. 2012) (where no set-off or counterclaim had been asserted, fourth factor weighed in favor of certification), *cert. of appealability denied* (Oct. 15, 2012).

Finally, Jenkins avers that certification would prevent unnecessary expenditures of resources by the parties and the Court. However, taking into account the need to avoid piecemeal appellate review, the Court finds that judicial economy would be best served by delaying appeal until all of the closely-related issues in this case can be placed before the appellate court in one unified piece. *See In re Refrigerant Compressors*, 2013 WL 4009023, at *5 (where claims stemmed from "very same alleged conspiracy, over the same time period, among the same [d]efendants," court concluded "that judicial economy will best be served by delaying appeal until all the issues can be confronted by the

6

appellate court in a unified package. This is especially so here, where the adjudicated and pending claims are closely related and stem from the same factual allegations.").

Based on its finding that the Plaintiff's request for Rule 54(b) certification fails at the first and second stages of consideration, the motion is DENIED. In short, Jenkins has failed to convince the Court that this is the "infrequent harsh case" in which Rule 54(b) certification should be granted.

IT IS SO ORDERED this 18th day of July 2014.

s/ J. DANIEL BREEN<br>CHIEF UNITED STATES DISTRICT JUDGE