IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NELSON JENKINS,

    Plaintiff,

v.                                              No. 13-2054

HARDEMAN COUNTY, TENNESSEE, *et al.*,

    Defendants.

---

## ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

---

This lawsuit was brought by the Plaintiff, Nelson Jenkins, who is represented by counsel, on January 29, 2013 against Hardeman County, Tennessee ("Hardeman County"); the Hardeman County, Tennessee Sheriff's Department (the "Sheriff's Department"); Sheriff John Doolen; Captain Leonard Brown; Lieutenant Chris McKinney and John Does One through Five alleging, pursuant to 42 U.S.C. § 1983, violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He also brought state law claims of negligence, negligent supervision and training, and violation of the Tennessee Constitution.

In an order entered October 10, 2013, the Court dismissed Plaintiff's claims against the Sheriff's Department, Hardeman County and the John Doe Defendants; his claims under the Fourteenth Amendment, the Tennessee Constitution and state law; and his official capacity claims against Doolen, Brown and McKinney. (D.E. 25.) Jenkins appealed the Court's ruling to the Sixth Circuit Court of Appeals on November 12, 2013. (D.E. 29.) The appeal was dismissed on

December 27, 2013 on the grounds that this Court's ruling was not a final appealable order.[1] (D.E. 35.)

On February 13, 2014, the remaining Defendants, Doolen, Brown and McKinney, moved to compel discovery from the Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure. (D.E. 36.) The motion was referred to the United States magistrate judge (D.E. 37), who, on March 24, 2014, directed Plaintiff to provide amended responses to certain requests for admission, as well as outstanding interrogatories and requests for production. (D.E. 43.) At the time of entry, the magistrate judge reserved ruling on the issue of sanctions requested by the Defendants. (*Id.*) Three days before issuance of the Court's order, Plaintiff filed amended responses to the requests for admission that were the subject of the first motion to compel. (D.E. 42.)

Defendants' second and third motions to compel discovery were filed May 20 and September 26, 2014, respectively (D.E. 46, 57), both of which were referred to the magistrate judge (D.E. 47, 60.) On October 9, 2014, the Defendants moved for sanctions. (D.E. 62.) This motion was also referred to the magistrate judge. (D.E. 64.) A hearing was set on the referred motions for October 22, 2014. (D.E. 65.) During the mid-afternoon of October 21, 2014, Plaintiff's counsel, Keisha Richardson, telephoned the magistrate judge's chambers advising that her double-amputee grandmother had just been released from the hospital and that she had to care for her. Although the hearing was cancelled, a telephone conference was conducted on October 22, at which Richardson appeared. During that conference, the magistrate judge was apprised that Defendants had noticed Jenkins for a deposition and that he failed to appear.

---

[1] On March 17, 2014, Jenkins moved for certification pursuant to Fed. R. Civ. P. 54(b) and for an order staying this matter pending a ruling by the Sixth Circuit. (D.E. 41.) The motion was denied on July 18, 2014. (D.E. 54.)

On November 5, 2014, the Defendants moved for summary judgment on Jenkins' remaining claims pursuant to Fed. R. Civ. P. 56. (D.E. 71.) In an order entered November 18, 2014, United States Magistrate Judge Edward G. Bryant ruled on the motions to compel, concluding that Plaintiff's discovery responses had been inadequate and evasive, and directed him to submit amended and supplemental responses within five days of the entry of the order. (D.E. 73.) Jenkins was admonished that his continued failure to cooperate in discovery could result in dismissal of his lawsuit. (*Id.*) Judge Bryant also requested of the Defendants an affidavit of attorney's fees and expenses. (*Id.*)

With respect to the deposition, Defendants' attorney noticed Jenkins thereof on September 24, 2014. The deposition was scheduled for Monday, October 6, 2014, the last day of discovery. Counsel prepared for the deposition over the preceding weekend and on Monday morning and had a court reporter present and ready to conduct the deposition. He advised the Court that Richardson did not notify him of Jenkins' intention not to appear until 9:41 a.m. that morning. In a Court filing on the same date, Richardson acknowledged receipt of the deposition notice but stated that her client's status as a double amputee made travel arrangements difficult. Judge Bryant found that she had sufficient time in which to make such arrangements and imposed sanctions in the form of reasonable expenses, including attorney's fees and court reporter expenses, caused by Jenkins' failure to attend his deposition.

On November 26, 2014, the Defendants moved for dismissal of Plaintiff's claims for failure to comply with Court orders and for sanctions. (D.E. 74.) Jenkins did not respond to the motion. Nor has he filed a response to the pending motion for summary judgment. In an order entered December 11, 2014, this Court directed him to show cause why this matter should not be dismissed

for failure to prosecute. (D.E. 77.) In a response filed December 22, 2014, Richardson shed little if any light on her client's failure to move this case forward, requesting instead a status hearing with the undersigned to discuss procedural issues and the "progression" of discovery. (D.E. 78.) The following day, the Defendants responded to the filing. (D.E. 79.)

Rule 41 of the Federal Rules of Civil Procedure permits a district court to dismiss an action if a plaintiff fails to prosecute or comply with court orders.[2] Fed. R. Civ. P. 41(b). "The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam). The factors relevant to a determination under Rule 41(b) include "whether the failure to respond to the court's order was due to willfulness, bad faith, or fault; whether the other party was prejudiced; whether the court warned that dismissal would result; and whether less drastic sanctions were considered." *Atwater v. Bank of New York Mellon Trust Co., N.A.*, ___ F. App'x ___, 2014 WL 6919338, at *1 (6th Cir. Dec. 9, 2014) (per curiam). Dismissal under the Rule is a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 260 (6th Cir. 2013) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (internal quotation marks omitted). In the Court's view, Plaintiff has exhibited at least a reckless disregard for the effect of

---

[2]Similarly, Fed. R. Civ. P. 37 provides that, in the event a party fails to participate in discovery, the court may dismiss the action. Fed. R. Civ. P. 37(b) & (d).

4

his conduct on the Defendants and this proceeding.

The second factor also weighs on the side of the Defendants. They point out that Plaintiff has failed to execute the original HIPAA form requested through discovery that would have permitted their counsel to discuss Jenkins' medical conditions with his providers at Jackson-Madison County General Hospital and Bolivar General Hospital. Thus, Defendants have been unable to speak with Plaintiff's treating physicians. With trial set in this matter for January 26, 2015, Defendants have clearly suffered prejudice as a result. Moreover, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant wastes time, money and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 381 (6th Cir. 2011) (internal quotation marks omitted). As noted above, Defendants have spent time, money and effort in preparing and appearing for a deposition at which Jenkins failed to appear and filing numerous motions to compel discovery and for sanctions.

In his November 18, 2014 order, Judge Bryant clearly warned the Plaintiff that his failure to cooperate in discovery could result in dismissal of his lawsuit. He also imposed lesser sanctions in the form of attorney's fees and expenses. Nonetheless, Plaintiff has still not responded to the Defendants' motion for summary judgment. Nor has he addressed their November 26, 2014 motion to dismiss based on Jenkins' failure to prosecute and comply with orders of the Court. Even in response to the Court's show cause order, Plaintiff's counsel sought only an opportunity to explain the progression of the case to the undersigned. Unfortunately, the progression of the case, or lack thereof, is clearly laid out on the docket. The Court can conceive of nothing that could be said in a status conference that could not have been relayed to Judge Bryant in response to the motions to compel filed by the Defendants or by responding to the motion to dismiss. Accordingly, the request

5

appears to be nothing more than the latest in a pattern of delay. At this point, it appears to the Court that "no alternative sanction would protect the integrity of the pretrial process." *See id.* at 383. As the factors to be considered by the Court weigh in favor of Defendants, this matter is hereby DISMISSED.

    IT IS SO ORDERED this 31st day of December 2014.

                                        s/ J. DANIEL BREEN
                                        CHIEF UNITED STATES DISTRICT JUDGE